UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JEFFREY S., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:17-cv-00468-NT |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

## The Administrative Findings

The Commissioner's final decision is the August 31, 2016 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 9-2.)[1] The ALJ's decision tracks the

---

[1] Because the Appeals Council found no reason to review that decision, the Acting Commissioner's final decision is the ALJ's decision. (Notice of Appeals Council Action, R. 1, ECF No. 9-2.)

familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of depression, anxiety, post-traumatic stress disorder, polysubstance abuse, spine disorder and arthritis. (*Id.* ¶¶ 3 – 4.) The ALJ, however, found Plaintiff has the residual functional capacity (RFC) to perform medium exertion work, but cannot perform production rate or pace work, and must work in a "low-stress environment," with only occasional decision-making, changes in work setting, and interaction with the public and with co-workers. (*Id.* ¶ 5.) Based on the stated RFC, Plaintiff's vocational background, and the testimony of a vocational expert, the ALJ found that Plaintiff retains the capacity to perform past relevant work as a groundskeeper, and that Plaintiff could transition to other work existing in significant numbers in the national economy, including the representative jobs of cleaner, kitchen helper, office cleaner, and auto detailer. (*Id.* ¶ 6.) Accordingly, the ALJ found Plaintiff not disabled. (*Id.* ¶ 7.)

**Standard of Review**

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings

of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## Discussion

The record supports, and Plaintiff does not challenge, the ALJ's findings regarding Plaintiff's mental health impairments, which included depression, post-traumatic stress disorder and anxiety. (R. 17 – 18.) Plaintiff argues that the final administrative decision should be vacated because the ALJ's determination that he can work in a job having a "low stress environment" is vague, unreviewable, and contrary to Social Security Ruling 85-15, and relevant legal authority in this District. *MacFarlane v. Astrue*, No. 2:07-cv-132-DBH, 2008 WL 660225, at *3, and *Lancellotta v. Sec'y of HHS*, 806 F.2d 284, 285 (1st Cir. 1986). (Statement of Errors at 4 – 5.)

Following a consultatitve examination in May, 2014, Donna Gates, Ph.D., opined that Plaintiff would be able to manage "a mild level of work-related stress and function independently on simple tasks." (Ex. 5F, R. 388, ECF No. 9-7.) The assessment is consistent with the evaluation of a treatment provider, Jonathan Purinton, LCPC, who determined that Plaintiff requires a "low stress" job. (Ex. 4F, R. 382.)

Consultative experts who reviewed Plaintiff's claim on behalf of Disability Determination Services also concluded that Plaintiff has a severe impairment, but believed Plaintiff retains the residual functional capacity for full-time work with certain limitations. They also noted Dr. Gates's statement that Plaintiff could manage a mild level of work-related stress. (Lewis Lester, Ph.D., Ex. 1A, R. 114 – 15; Mary Burkhart, Ph.D., Ex. 5A,

3

R. 144 – 45, ECF No. 9-3.)

At the hearing on Plaintiff's claim, the ALJ asked the vocational expert to consider a hypothetical individual with a residual functional capacity that included the ability to perform work that "may have some busy periods but not the assembly line scenario," with "only occasional interaction with the public and co-workers." (Hr'g Tr. at 66, R. 99, ECF No. 9-2.) The ALJ further described the hypothetical individual as one who "essentially …. should work in a low stress environment" that included "only occasional decision making, occasional changes in work setting." (*Id*.) The vocational expert identified several jobs the individual could perform. The vocational expert testified the individual would be able to perform Plaintiff's past relevant work as a groundskeeper, and other substantial gainful activity such as maintenance worker, kitchen helper, office cleaner, and auto detailer. (R. 99 – 101.)

Plaintiff contends remand is required because the ALJ's reference to a restriction to work in a "low-stress environment" is impermissibly vague. Plaintiff's argument is unpersuasive.

First, the ALJ's hypothetical posed to the vocational expert was not limited to a reference to a "low stress" restriction. The ALJ defined the low stress restriction to include jobs that involved some busy time, but not constantly busy as in assembly line work, occasional interaction with the public and co-workers, only occasional decision making, and occasional changes in the work setting. The ALJ's question included sufficient detail to elicit a meaningful response from the expert. Consistent with the question to and response of the vocational expert, the ALJ's RFC finding includes the specific limitations

4

that would constitute the low-stress environment (i.e, only occasional decision making, only occasional changes in work setting, only occasional interaction with the public and co-workers, limitation on production rate or pace). (ALJ Decision ¶ 5, R. 15 – 16.) Contrary to Plaintiff's argument, therefore, the ALJ's RFC finding is not vague and unreviewable.

Furthermore, the ALJ's reference to the stress of a work environment is in accord with Defendant's regulations and rulings, which recognize that stress is an important consideration for many individuals with mental impairments. Ruling 85-15 provides:

> The reaction to the demands of work (stress) is highly individualized, and mental illness is characterized by adverse responses to seemingly trivial circumstances. The mentally impaired may cease to function effectively when facing such demands as getting to work regularly, having their performance supervised, and remaining in the workplace for a full day. A person may become panicked and develop palpitations, shortness of breath, or feel faint while riding in an elevator; another may experience terror and begin to hallucinate when approached by a stranger asking a question. Thus, the mentally impaired may have difficulty meeting the requirements of even so-called "low-stress" jobs.

Titles II & XVI: Capability to Do Other Work-The Medical-Vocational Rules As A Framework for Evaluating Solely Nonexertional Impairments, SSR 85-15 (S.S.A. 1985).

The record in this case reflects that the medical experts were cognizant of Plaintiff's stress limitations, and considered Plaintiff's stress tolerance in assessing his work capacity. Significantly, while the ALJ also considered Plaintiff's stress tolerance in the RFC assessment, the ALJ did not simply define Plaintiff's limitation to a low stress work environment. Instead, as explained above, the ALJ defined the restrictions necessary to reduce Plaintiff's stress, which restrictions include no production rate or pace work, only

occasional decision making, only occasional changes in the work place, and only occasional interaction with the public and co-workers. In other words, the ALJ's RFC finding is tailored to Plaintiff's individual needs and is not simply a general, vague determination that Plaintiff is limited to a low-stress work environment. In short, the ALJ's finding is not impermissibly vague, and the ALJ's finding that Plaintiff was not disabled during the claimed period is supported by substantial evidence on the record.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of August, 2018.